UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:22-CV-10151-RWZ

DAVID HARVEY—Appellant

v.

THE BANK OF NEW YORK MELLON F/K/A
THE BANK OF NEW YORK AS TRUSTEE—Appellee

*Appeal from In re David Harvey, Bankruptcy Case No. 21-11736*

MEMORANDUM & ORDER

December 1, 2022

ZOBEL, S.D.J.

Debtor-Appellant, David Harvey and his wife, Linda Harvey co-owned the property at 23 Russell Mills Road, Plymouth, Massachusetts. Creditor-Appellee, Bank of New York Mellon was the mortgagee for that property. Debtor-Appellant and his wife filed nine separate bankruptcy cases[1] related to that property, the first eight of which were dismissed. In their seventh bankruptcy filing, initiated by Debtor-Appellant's wife pursuant to Chapter 12 of the Bankruptcy Code, the creditor's unopposed motion for relief from the automatic stay was granted and *in rem* relief was allowed pursuant to 11 U.S.C. § 362(d)(4). See *In re Linda Harvey*, 20-bk-10734-JEB, Docket # 21. That *in rem* relief,

---

[1] (1) Chapter 13 Case No. 14-bk-13873-FJB was commenced by Debtor-Appellant on August 18, 2014;
(2) Chapter 13 Case No. 15- bk-10498-JNF was commenced by his wife on February 12, 2015;
(3) Chapter 12 Case No. 16- bk-12637-FJB was commenced by Debtor-Appellant on July 11, 2016;
(4) Chapter 13 Case No.17- bk-12542-JNF was commenced by his wife on July 6, 2017;
(5) Chapter 12 Case No. 19- bk-12526-FJB was commenced by Debtor-Appellant on July 25, 2019;
(6) Chapter 12 Case No. 20- bk-10091-FJB was commenced by Debtor-Appellant on January 13, 2020;
(7) Chapter 12 Case No. 20- bk-10734-JEB was commenced by his wife on March 13, 2020;
(8) Chapter 12 Case No. 21- bk-10696-FJB was commenced by Debtor-Appellant on May 13, 2021 and dismissed on August 5, 2021; and
(9) Chapter 11 Case No. 21- bk-11736-FJB was commenced by Debtor-Appellant on November 28, 2021 and is the case from which he brings this appeal.

1

granted on June 11, 2020, "terminat[ed] the automatic stay under 11 U.S.C. § 362," and is "binding in any other case filed under the Bankruptcy Code purporting to affect the Property **that is filed not later than two years after the date of this Order**, such that the automatic stay under 11 U.S.C. § 362(a) shall not apply to the Movant's interest in the Property." Id. (emphasis added).

On November 28, 2021, within two years of that in rem order, Debtor-Appellant filed the bankruptcy case in the matter here on appeal. On January 10, 2022, Debtor-Appellant moved to impose an automatic stay pursuant to Section 362(c)(4)(B).[2] R.[3] at 59-61. On January 12, 2022, the bankruptcy court heard the motion and denied it as untimely, because it was filed more than thirty days after commencement of the case. R. at 74-75. Debtor-Appellant then moved for (1) reconsideration of the January 12, 2022 order and (2) relief from the June 11, 2020 in rem order pursuant to 11 U.S.C. § 362(d)(4). R. at 76-79. The bankruptcy court heard the motion for reconsideration on January 13, 2022 and denied it as moot in an order that same day. R. at 91. The court explained that because "the automatic stay that arose in this case expired . . . even if [it] were to vacate the § 362(d)(4) grant of relief from the automatic stay, the Debtor still would not and could not have the automatic stay in this case." Id. Before this court is the Debtor-Appellant's appeal of the order denying the Rule 60(b) motion for reconsideration.

---

[2] At the January 12, 2022 hearing, Debtor-Appellant suggested that it may have been a "typo" to file the motion to impose a stay pursuant to Section 362(c)(4)(B), instead of a motion for an extension of the automatic stay pursuant to Section 362(c)(3)(B). Section 362(c)(4)(B) governs cases in which the debtor had two or more cases dismissed within the year. Section 362(c)(3)(B) applies to cases in which the debtor had one other case dismissed within a year of the commencement of the present case. The bankruptcy court considered the motion under both provisions.

[3] "R." refers to the bankruptcy record on appeal, filed in this matter at Docket ## 5-9.

2

In considering an appeal from an order of a bankruptcy court, a district court reviews the bankruptcy judge's legal conclusions *de novo* and its factual findings for clear error. See TI Fed. Credit Union v. DelBonis, 72 F.3d 921, 928 (1st Cir. 1995). And it reviews "decisions granting or denying Rule 60(b) motions for abuse of discretion." See In re LaFata, 483 F.3d 13, 23 (1st Cir. 2007); see also In re Reynolds, 455 B.R. 312, 318 (D. Mass. 2011).

Debtor-Appellant's January 12, 2022 motion for reconsideration of the order denying his motion to impose the automatic stay and/or for relief from *in rem* judgment was properly denied as moot. Because Debtor-Appellant filed the underlying bankruptcy case within two years after the June 11, 2020 *in rem* judgment, the Mortgagee was relieved from the automatic stay. In addition, because the underlying case was filed less than one year after the dismissal of his previous case, the automatic stay could exist only for the first thirty days of the case unless a motion for extension filed within the first thirty days was granted by the court. See 11 U.S.C. § 362(c)(3). Because Debtor-Appellant did not seek relief until after the first thirty days of the case, the automatic stay could not be imposed or extended even if the bankruptcy court vacated the 11 U.S.C. § 362(d)(4) grant of relief. The bankruptcy court's January 13, 2022 order denying Debtor-Appellant's January 12, 2022 motion is AFFIRMED.

12/1/22
DATE

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE